IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| I.S., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:20-cv-00289-CHW |
| | : | |
| **COMMISSIONER OF** | : | Social Security Appeal |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's motion for attorney's fees filed pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Docs. 29). The Commissioner did not respond to or oppose the motion. As explained below, Plaintiff's motion is **GRANTED**.

On May 20, 2021, the Court, upon the Commissioner's motion, remanded Plaintiff's case back to the Commissioner. (Docs. 19, 20, 21). Plaintiff sought attorney's fees under the Equal Access to Justic Act (EAJA), 28 U.S.C. § 2412(d). (Docs. 23, 26). The Court awarded Plaintiff $4,989.21 in attorney's fees. (Doc. 27). Following remand, Plaintiff's claim was granted, and he received past due benefits. *See* (Docs. 29-1, 29-2). The agency withheld 25%, or $21,433.93, from his past due benefits for legal services. (Doc. 29-1, p. 5). Plaintiff now seeks this amount in attorney's fees under 42 U.S.C. § 406(b)(1). (Doc. 29). The motion request fees for 58.5 hours of work. (Docs. 29; 29-4).

Under 42 U.S.C. § 406(b), an award of attorney's fee is authorized "where the district court remands the case to the Commissioner of Social Security for further

1

proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d, 1273, 1277 (11th Cir. 2006). The statute provides that the district court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must either be repaid to the claimant or offset from the fees received under § 406(b). See *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-72 (11th Cir. 2010). The requested net amount complies with *Jackson* because counsel will repay or credit the claimant the amount of the EAJA award. *See* (Doc. 29, p. 2).

When deciding Plaintiff's request for a § 406(b) fee award, the Court must "determine 'whether the fee sought is reasonable for the services rendered.'" *Jackson*, 601 F.3d at 1271 (quoting *Gisbrecht*, 535 U.S. at 807). Here, the fee award requested by counsel falls within the 25% limit under § 406(b) and reflects counsel's fee agreement with Plaintiff. (Docs. 29-1; 29-3). The materials attached to the motion show the time expended by counsel and support the expertise likely required to obtain the benefits received by Plaintiff. The Commissioner did not respond or object to the motion. In light of these factors, the 25% contingency fee and the fees sought are reasonable.

Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. 29) is **GRANTED**. Plaintiff's attorney is awarded $21,433.93 from Plaintiff's past due benefits in attorney's fee pursuant to 42 U.S.C. § 406(b). Plaintiff's attorney is directed to repay or

credit Plaintiff with the Court's prior award of $$4,989.21 in attorney's fees as required by the EAJA.

      **SO ORDERED**, this 3rd day of January, 2025.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge